UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARLETTA HEAVY DIVISION, INC., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ERIE INTERSTATE CONTRACTORS, ) <br>    INC., et al. ) <br> ) <br> Defendants ) <br> ) | Civil Action No.09-10143-NMG |

## MOVING DEFENDANTS' MOTION TO SET DEADLINES

Defendants Erie Interstate Contractors, Inc. ("Erie Interstate"), Phoenix Development and Construction, Inc., Gregory Zafirakis, Steve Zafirakis, and Steven Moutsastos (collectively the "Moving Defendants") hereby respectfully move this Court to set a new schedule in this case. Counsel for defendant Erie Painting and Maintenance, Inc. has indicated that he assents in this filing and also seeks a later trial date.[1]

An amended schedule will allow all parties to complete meaningful discovery, to narrow the issues for trial through motion practice, and to engage in settlement discussions which will hopefully lead to a resolution to this matter. In an effort to not disrupt this Court's schedule, Moving Defendants have requested a compacted brief extension of discovery. Of course, should this Court dismiss this matter pursuant to the Forum Selection Clause (*see* Moving Defendants Motion to Dismiss Pursuant to the Forum Selection Clause) the present motion is unnecessary.

_____

[1] In addition, Erie Painting and Maintenance, Inc. will separately file a Response also seeking a later trial date.

Specifically, Moving Defendants request the following schedule:

1. Answer due by 1/30/2009

2. Status Conference 03/20/2009

3. Written Discovery Served 12/31/2009

4. Written Discovery Responses 1/29/2010

5. Expert Witness List Deadline  2/15/2010

6. Fact Discovery 3/15/2010

7. Expert Depositions 4/30/2010

8. Dispositive Motions Deadline 5/31/2010

9. Pretrial Conference 7/30/2010

10. Jury trial 08/16/2010

As reasons for the requested relief, Moving Defendants state as follows:

The current schedule in this case is unnecessarily short considering the complexity of the claims and volume of relevant documents.  As Plaintiff has stated to this Court, there are at least four boxes of documents made available to the Moving Defendants via Plaintiff's automatic Rule 26 disclosures.  Moving Defendants have not yet had the opportunity to compare such documents to either prior counsel's requests or Plaintiff's obligations under the rules.  Moving Defendants expect to be able to complete such a review shortly.

On Friday, October 23, 2009, undersigned counsel entered an appearance in this case on behalf of the Moving Defendants.  By the following Tuesday - October 27, 2009 - Moving Defendants filed a Motion to Dismiss with this Court after conducting productive Local Rule 7.1 conferences with various counsel.  That motion is presently still pending.  Undersigned Counsel

has diligently attempted to move this matter forward despite its complexities and nuances. Nonetheless, future motions to dismiss and/or pursuant to Rule 56 will be necessary if this court does not dismiss the matter pursuant to the Forum Selection Clause.

In the course of becoming familiar with the litigation completed to date, it became apparent that more discovery is necessary. In fact, no depositions have been taken by any parties, nor have any parties designated expert witnesses. Prior counsel for the Moving Defendants filed his Motion to Withdraw on October 13, 2009, after the close of fact discovery. Prior counsel cited an "irretrievable breakdown in the attorney-client relationship" as a reason to withdraw. It is no surprise, therefore, that discovery was hardly conducted the final period of his representation. The Moving Defendants should not be penalized due to the fact that less then fulsome prior discovery was conducted. For example, Moving Defendants have not had the opportunity to engage the services of any expert regarding actual damages. Similarly, Plaintiff has proffered no such experts either.

Judicial efficiency will best be served by allowing the parties to fully develop their cases before trial. This modest proposed amended schedule allows for that. Additionally, there is currently pending a Motion to Dismiss based on a forum selection clause in the contract between Erie Interstate and Barletta. Plaintiff has requested a hearing on that motion, which has not yet been scheduled. If the motion is granted, this case will be dismissed and Plaintiff will be free to file elsewhere, in accordance with the terms of the agreement between Barletta and Erie Interstate. It is worth noting that if this case is dismissed, as the Moving Defendants contend it should be, a trial will only occur much later than the date included in the proposed schedule above.

Should that motion be denied, justice will best be served by allowing further motion practice to narrow the issues to be considered by the fact-finder at trial.[2]  The current deadline for dispositive motions is November 30, a date, which if left in place will not allow time for further motion practice.  Counsel for the Moving Defendants cannot complete their obligations to their clients to conduct a thorough investigation while also complying with this deadline.  Plaintiff currently has no motions pending and will not be prejudiced in any way by an extension of the deadline to file motions.

Further, Plaintiff will in no way be prejudiced by an amended schedule as a preliminary injunction is already in place preventing the Moving Defendants from discharging assets outside of the normal course of business.  Additionally, Plaintiff has taken possession of certain property owned by Moving Defendants and non-Moving Defendants.  Plaintiff is also protected from any prejudice by virtue of their alleged security interests in those properties.

An extended schedule in this case will also allow for the parties to enter meaningful settlement discussions, which to this point have not been explored in a productive way.  Moving Defendants, for their part, are willing to consider mediation or other form of alternative dispute resolution as a means of reaching a settlement.  A later trial date will allow for that possibility.  Should an extension of the current schedule be allowed, that time will be used by the Moving Defendants to attempt to resolve this matter before trial.

---

[2] Among the issues that are more appropriately dealt with through either a Rule 56 Motion or a Rule 12 Motion are whether the individual defendants in this case can be liable under the claims that arise out of a contract between Barletta and Erie Interstate.

**CONCLUSION**

For the reasons stated above, Moving Defendants respectfully request that the Court adopt the proposed schedule above.

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Below-signed counsel certifies that he conferred with counsel for Plaintiff and Defendant Erie Painting and Maintenance, Inc. regarding this motion in accordance with Local Rule 7.1(a)(2). Counsel for Defendant Erie Painting and Maintenance, Inc. has indicated consent to a postponed trial date.

Respectfully submitted,

/s/ Christopher M. Sheehan
Christopher M. Sheehan (BBO No. 657714)
Josh Vitullo (BBO No. 654310)
SHEEHAN VITULLO LLP
Ten Post Office Square
8th Floor, South
Boston, MA  02109
Tel.  (617) 379-0401
Fax: (617) 687-9178

November 20, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, I electronically filed the foregoing with the Clerk for the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECT users and that service will be accomplished by the CM/ECT system.

  /s/ Christopher M. Sheehan
   Christopher M. Sheehan