UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARLETTA HEAVY DIVISION, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ERIE INTERSTATE CONTRACTORS, )<br>  INC.; *et al.* )<br>)<br>Defendants )<br>) | Civil Action No.09-10143-NMG |

**OPPOSING DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION**

Defendants Erie Interstate Contractors, Inc., Phoenix Development and Construction, Inc., Gregory Zafirakis, Steve Zafirakis, and Steven Moutsastos (the "Opposing Defendants")[1] hereby oppose Plaintiff's Emergency Motion to Modify the Preliminary Injunction ("Pl.'s Em. Mot." or "Plaintiff's Emergency Motion).

Plaintiff seek on an emergency basis to have this Court grant a *further* preliminary injunction against Opposing Defendants. Barletta's Motion seeks to enjoin Opposing Defendants from either settling or disposing of a potential award in litigation being prosecuted in New York (the "New York Litigation"). Plaintiff's Motion should be denied.

The summary of Opposing Defendant's argument is simple: First, there is nothing in this motion that marks it as an "emergency." Trial in the New York Litigation took place nearly one year ago -- in February 2009, as Plaintiff's affidavit makes clear. There is no indication in

---

[1] For clarity, the Opposing Defendants include all defendants other then Erie Painting & Maintenance, Inc.

Plaintiff's papers that anything has taken place in the past eleven months regarding settlement. Plaintiff's fear - that Erie Interstate will settle the case for less than it reasonably should in order to satisfy debtors, and to Barletta's detriment - is simply unfounded and Plaintiff conducted no discovery on it, even though it could.  For eleven months Erie Interstate has not settled the New York Litigation for any dollar amount; Plaintiff gives no reason to think it will now.  Plaintiff should at least be required to create an evidentiary record showing that its fear has any basis in reality prior to asking this Court to take on extraordinary relief.  Yet, Plaintiff chose not to take depositions even though depositions are available under the Court's recent order until March 15, 2010.  Plaintiff should have done so prior to asking Undersigned Counsel to spend resources to defend against this motion.

Second, the extraordinary relief Plaintiff seeks from this Court is without precedent, violates the Anti-Injunction Act, and is simply unmanageable.  Plaintiff wants this Court to micromanage Erie Interstate's dealings, in effect telling Erie Interstate if it can - and under what terms - settle unrelated litigation in another jurisdiction.  In order to determine if Erie Interstate should settle its claim, and the amount it should do so for, this Court would have to hold evidentiary hearings on the New York Litigation, which would presumably include testimony by the lawyers in New York, an examination of the exhibits and documentary evidence, a weighing of the law in New York unrelated to the claims here and, potentially, credibility determinations of the out-of-state lawyers.  Does Plaintiff also want this Court to determine if Erie Interstate should appeal any adverse rulings?  Why should this stop here?  Should this Court also determine if Erie Interstate should enter into a contract and if that contract is for the proper amount?  Plaintiff is asking this Court to take extraordinary, intrusive action without any legal or factual basis.

Should Plaintiff have reason to believe that Erie Interstate is breaching the Security Agreement or an order of this Court, then, and only then, should Plaintiff seek emergency relief from the Court of this extraordinary nature.

Plaintiff's motion should be denied.  Additionally, Plaintiff should be forced to pay the costs associated with Opposing Defendants expedited response to this frivolous, non-emergent "emergency" motion.

As grounds for their Opposition, Opposing Defendants state as follows:

1. **<u>Plaintiff's Motion is not Emergent.</u>**

Plaintiff's Affidavit notes that trial in the New York litigation took place on February 9, 2009, nearly eleven months ago.  Plaintiff, in fact, waited over one week between talking to the New York court clerk and filing this "emergency" motion.  Plaintiff's motion is far from emergent.

Further, Plaintiff cites to no discovery documents regarding the trial, no deposition transcripts, and no other factual predicates.  Plaintiff's sole argument for emergent relief is that "Erie may have a (*sic*) incentive to try to settle the Claim, even if they have to 'take a hair cut' ( settle for less than the value of the claim) as the colloquialism goes."  Pl.s' Em. Mot. at pp. 6-7.

Prior to running to Court to seek extraordinary relief in the form of an injunction to micromanage the affairs of Defendants - and to do so on a emergency basis - Plaintiff has failed to even take a deposition or send any interrogatory out asking if Erie Interstate even intends to settle the claims in the New York Litigation.  Trial in the New York Litigation, as Plaintiff's own affidavit attests to, took place eleven months ago - yet there has been no settlement whatsoever.

Plaintiff failed to take any depositions or conduct any discovery regarding this issue. A simple document search (that today can be conducted online for free) in Erie Interstate's home state would have alerted Plaintiff to a pending lawsuit. Plaintiff has no excuse for not bringing this matter up earlier or in the normal course. There is no reason Plaintiff could not have made this same argument in March 2009 when it sought the preliminary injunction in this matter.

Finally, Plaintiff cites to nothing in the record to indicate that Opposing Defendants are acting in any untoward manner, secreting funds, or otherwise not complying with an injunction that has been in place for nearly 10 months. There is no indication that Erie Interstate has entered into negotiations to settle this matter nor that Erie Interstate is seeking to settle the New York Litigation for any amount, let alone anything other than a fair and reasonable amount. Simply put, there is no factual basis to grant the extraordinary relief Plaintiff seeks.

### 2. **Plaintiff is not Entitled to the Extraordinary Relief It Seeks**

Plaintiff's legal arguments seeking a further injunction also fail. First, it offers no precedent allowing this Court to have final say over whether Erie Interstate may settle an unrelated litigation.[2] Plaintiff's citation to *Demoulas v. Demoulas Super Mkts.*, 424 Mass. 501, 568 (Mass. 1997) is inapposite and unnecessary: the question for this Court is "should Defendants be enjoined from settling a lawsuit in a different *state* court to collect funds for its business without prior approval *from this court*."

---

[2] Plaintiff is wrong when it states that "[a]s this Court is sitting in diversity, this Honorable Court is obligated to look to Massachusetts law to determine the definition of ordinary course of business and Massachusetts Court's look to federal bankruptcy law for assistance." Pl.'s Mot. at 3. The injunction issued by this court was pursuant to Fed. R. Civ. Proc. 65 and traditional *Erie* choice-of-law rules are inapplicable; this is especially true because the Court is interpreting its own language. However, this is not material to the motion or argument.

While, this Court's power to enjoin Opposing Defendants under the All Writs Act, 28 U.S.C.S. § 1651, or under Fed. R. Civ. Proc. 65 is broad, it is not unlimited.  "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 USCS § 2283   Undoubtedly, the Anti-Injunction statute also applies to orders seeking to stay settlement proceedings in state courts.  *See Negrete v. Allianz Life Ins. Co.*, 523 F.3d 1091, 1100 (9th Cir. Cal. 2008) ("Particularly in this day and age, that includes settlement proceedings, mediation proceedings, and the like.").  It also applies to when injunctions are issued against individual litigants rather than against the non-party State court. *Id*.  When in doubt, the Anti-Injunction Act's underlying federalism policy dictates that this Court should exercise its discretion is not interfere with the state Courts: "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.  The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." *Atlantic C. L. R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

Plaintiff is in effect asking this Court to interfere with the actions in a state court proceeding by enjoining Erie Interstate from settling a matter in state court (a matter Erie Interstate has shown no inclination to settle).  Issues of Federal-State comity and this Court's ability to enjoin the proceedings of a State court action should require a strong factual predicate rather merely the whim of Plaintiff's counsel.  Plaintiff does not address these issues in its "emergency" motion.

Finally, Plaintiff is asking this Court to approve a settlement of a matter in another state, regarding no issues related to this litigation, without any information presented to the Court regarding that settlement. How is the Court supposed to undertake this task? Unlike approval of settlements under Rule 23 of the bankruptcy code, this Court has no information regarding the legal or factual background of the New York Litigation. In order to approve a settlement, this Court would be required to hold factual hearings on the New York Litigation, examine the record in that litigation, make factual determinations as to the propriety of continued litigation risk and the present value of money, and other difficult decisions. Prior to the Court agreeing to take on such a task - and prior to it asserting itself to micromanage the day-to-day affairs of Erie Interstate - Plaintiff should at the very least be required to demonstrate a factual predicate that such an inquiry is necessary. There is no indication that Erie Interstate is unsuited to this task.

### 3.  **Defendants are Already Enjoined from Disposing of any Assets**

Finally, all parties already agree that Erie Interstate may only use monies received from the New York Litigation (if any monies are received at all) in a manner consistent with the ordinary course of the business. Plaintiff's Emergency Motion does not seek to change this standard. Therefore, should Erie Interstate receive monies in the New York Litigation and dispose of those monies improperly, it is already subject to the injunction issued in this case.

WHEREFORE, Opposing Defendants respectfully ask this Court to **DENY PLAINTIFF'S EMERGENCY MOTION TO MODIFY [THE] PRELIMINARY INJUNCTION**.

Respectfully submitted,

/s/ Josh Vitullo
_____
Christopher M. Sheehan (BBO No. 657714)
Josh Vitullo (BBO No. 654310)
SHEEHAN VITULLO LLP
Ten Post Office Square
8th Floor, South
Boston, MA  02109
Tel.  (617) 379-0401
Fax: (617) 687-9178

January 19, 2010

### Certificate of Service

I hereby certify that on January 19, 2010, I electronically filed the foregoing with the Clerk for the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECT users and that service will be accomplished by the CM/ECT system.

  /s/ Josh Vitullo
        Josh Vitullo